**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SUSAN VILLAR** | **CIVIL ACTION** |
| **VERSUS**<br>**MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF SOCIAL SECURITY** | **NUMBER 10-432-FJP-DLD** |

## <u>MAGISTRATE JUDGE'S REPORT</u>

Plaintiff Susan Villar seeks judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB").

### *Background*

Plaintiff protectively filed her application for DIB on April 23, 2007,[1] alleging an onset of disability date of February 10, 2007, due to a "bad back," more specifically "9 bulging discs and herniated discs and degenerative disc disease."[2] (TR 106, 123)[3] The claims were denied initially on September 6, 2007. After filing a timely request for hearing, an administrative hearing was held December 2, 2008, which resulted in an unfavorable decision on January 14, 2009. In reaching her decision at step four of the evaluation

---

[1] The court notes that both the ALJ's determination (TR 41) and defendant's brief (rec.doc. 13) indicate a protective filing date of April 16, 2007, which is in conflict with the record. *See, also*, TR 105.

[2] The court notes that defendant's opposition contends that plaintiff alleged disability due to a "back impairment, pain, obesity, degenerative disc disease of the cervical, thoracic, and lumbar spine, and diabetes mellitus with neuropathy," and cites to the ALJ's determination (TR 43) for this list of alleged disabilities. Defendant also cites to plaintiff's disability report (TR 123) for this contention. However, the court has reviewed TR 123 and notes that TR 123 indicates that plaintiff only alleges disabilities related to her back issues.

[3] Citations in this format are to pages in the transcript of the Administrative Record.

1

process, the ALJ relied upon the testimony of a vocational expert, and specifically determined that the plaintiff could do her past relevant work as an accounts receivable clerk.

In denying plaintiff's claim, the ALJ reached the fourth step of the five-step sequential analysis set forth in 20 C.F.R. §§ 404.1520, 416.920.[4] The first two steps are threshold determinations. The ALJ initially determined that plaintiff had not engaged in substantial gainful employment since the alleged onset date of disability, thereby satisfying the first step of the sequential process. At step two, the ALJ determined that plaintiff had the following severe impairments: obesity, degenerative disc disease of the cervical, thoracic and lumbar spine with pain, and diabetes mellitus with neuropathy.[5] (TR 42-43) At step three of the process, the ALJ determined that plaintiff did not have an impairment, or combination of impairments, that met or were medically or functionally equivalent to the criteria of one of the listed impairments set forth in the Commissioner's regulations at 20 C.F.R. pt. 404, subpt. P, Appendix 1. The ALJ then made a finding that plaintiff had the

---

[4] *See also, Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995), wherein the Fifth Circuit explained that "the five-step analysis requires the Commissioner to consider: 1) whether the claimant is presently engaging in substantial gainful activity, 2) whether the claimant has a severe impairment, 3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the regulations, 4) whether the impairment prevents the claimant from doing past relevant work, and 5) whether the impairment prevents the claimant from performing any other substantial gainful activity." The five-step inquiry terminates if the ALJ finds at any step that the claimant is or is not disabled. *Id.*

[5] In determining the severity of plaintiff's impairments at step two, the ALJ improperly used the more onerous "significantly limits" severity standard that is set forth in the Commissioner's regulations at 20 C.F.R. §§ 404.1521 and 416.921. The Commissioner's standard was specifically rejected by the Fifth Circuit in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). In that case, the Court held that the correct severity standard to be applied at step two of the sequential process is that an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." However, since the ALJ in the present matter found plaintiff's impairments to be severe under the even more exacting standard set forth in the Commissioner's regulations, her use of that improper severity standard was harmless error.

residual functional capacity ("RFC")[6] to perform sedentary work[7] subject to the following limitations: (1) plaintiff is only able to sit for six hours so long as she can make postural changes, and as long as she has the option to alternate between sitting and standing about every hour, without leaving the work area. Further, she is unable to climb ropes, ladders or scaffolds, and can only occasionally bend, stoop, kneel, crouch and crawl." (TR 45) Based on these findings and the testimony of the vocational examiner, the ALJ determined that plaintiff could return to her past relevant work, and that her past relevant work as an accounts receivable clerk did not require the performance of work-related activities precluded by plaintiff's residual functional capacity ("RFC"). The ALJ also found that while plaintiff's symptoms could suggest a greater level of severity of impairment than could be shown by the objective medical evidence alone, she found the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are inconsistent with the RFC. Thus, the ALJ concluded that plaintiff was not disabled as defined in the Social Security Act. (TR 48)

The plaintiff appealed the unfavorable decision, and the appeal was denied by the Appeals Council on November 17, 2009. On December 1, 2009, plaintiff requested review of the Appeals Council's denial, and in addition to articulating other arguments, plaintiff

---

[6] Residual functional capacity ("RFC") is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, *i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001), *citing* SSR 96-8p.

[7] "Sedentary work" is defined by the Commissioner's regulations as follows in pertinent part: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.1567.

specifically urged the Appeals Council to consider a December 12, 2008, narrative statement prepared by one of her treating physicians. (TR 90-92) The Appeals Council set aside its earlier decision, and considered the additional information. On April 29, 2010, the Appeals Council denied the new request for review, making the ALJ's decision the final decision of the Commissioner for purposes of this court. (TR 1) Plaintiff filed suit on June 30, 2010.

### *Statement of Errors*

Plaintiff raises the following five issues in this appeal:

1) The ALJ did not comply with 20 C.F.R. Section 404.1527(d), and improperly rejected the treating physicians' restrictions without good cause;

2) There is an absence of evidence to support the residual functional capacity which the ALJ adopted, and the decision is not supported by substantial evidence;

3) The ALJ failed to discuss why she did not find that plaintiff meets the requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04;

4) The ALJ failed to properly consider the effect of plaintiff's obesity as required in Social Security Ruling 02-1p; and

5) Remand for consideration of new and material evidence submitted to the Appeals Council is warranted pursuant to Sentence Six of 42 U.S.C. 405(g)

### *Governing Law*

The Social Security Act provides for the payment of benefits to persons who have contributed to the program and "who suffer from a physical or mental disability." *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000), *citing* 42 U.S.C. § 423(a)(1)(D)(1991). As used in the Act, the term "disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can

4

be expected to result in death or that has lasted or can be expected to last for a continuous period not less than twelve months. *Id.*, *citing* 42 U.S.C. § 423(d)(1)(A); *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1987).

To determine whether a disability exists for purposes of the Act, the Commissioner must weigh the following elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

In reviewing the Commissioner's decision to deny disability benefits, this Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards. *See, e.g., Harrell v. Brown*, 862 F.2d 472, 475 (5th Cir. 1988). Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id*.

In applying this "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision. *Id.* A finding of "no substantial evidence" will be made only

5

where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position. *Id*.

However, the substantial evidence standard of review is not a mere rubber stamp for the Commissioner's decision, and it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id.*

At steps one through four of the five-step sequential analysis, the overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1985). The determination of a claimant's residual functional capacity ("RFC") between steps three and four is exclusively reserved for the Commissioner rather than for the claimant's physicians. 20 C.F.R. §§ 404.1527(e)(2), 404.1546. If a claimant does not have past relevant work experience, the burden shifts to the Commissioner at step five to show that there is some type of substantial gainful activity in the national economy that the claimant can perform. *Jones*, 616 F.2d at 620.

## *DISCUSSION*

The issue before this Court is whether the Commissioner's finding that plaintiff is not disabled is supported by the substantial evidence and was reached by applying the proper legal standards. 42 U.S.C. § 405(g). The Court will address each of plaintiff's statements of error in turn:

### *Treating Physicians' Opinions*

The record evidence indicates that plaintiff was treated primarily by two physicians at various times from 2005 through the date of the decision: Dr. Knapp, a primary care

physician, and Dr. Patel, a pain management specialist. Plaintiff contends that the manner in which the ALJ weighed the evidence fails to comply with the regulations which provide that the opinions of treating physicians Patel and Knapp are entitled to controlling weight in the absence of substantial contrary evidence. (rec.doc. 8, pg. 9) In support of same, plaintiff cites to the ALJ's determination that Dr. Knapp's opinion is "not supported by the other substantial evidence, nor is it well supported by the evidence as a whole," and argues that the ALJ's "general reference to other evidence" and the fact that no surgery was recommended are not good reasons to reject Dr. Knapp's opinion. (*Id.*, at pg. 10; TR 47-48)

In response, the Commissioner cites to portions of Dr. Knapp's medical records as evidence as to why the ALJ properly discounted Dr. Knapp's opinion, stating that his statement of disability is inconsistent with "his additional medical records." However, the court notes that a review of the ALJ's decision indicates that the ALJ's only reference to Dr. Knapp's treatment of plaintiff was with regard to Dr. Knapp's opinion that plaintiff was permanently disabled and unable to perform gainful employment because of the "constant monitoring of medications, frequent doctor's visits and her inability to drive on narcotic medications" and his diagnosis of lumbar disc disease, cervical disc disease, diabetes, hypertension, hyperlipidemia and failed back syndrome. (TR 47-48) The court notes that the ALJ's determination contains no other references to Dr. Knapp's records.

Plaintiff also argues that the ALJ's reference to Dr. Patel is a "summary of his diagnoses and treatment with epidural steroid injections," and the inaccurate statement that Dr. Patel found "no significant motor or sensory deficit in both lower extremities."

7

(rec.doc. 8, pg. 10) Plaintiff argues that the ALJ did not offer any reasons to reject Dr. Patel's restrictions, and the decision does not reflect good cause to reject the treating sources.

With regard to the rejection of Dr. Patel's opinions, the Commissioner states that while Dr. Patel "reported that MRI findings showed that plaintiff had a broad based left paracentral disc bulge at C5-6 and C6-7, a disc protrusion in the lumbar spine and thoracic degenerative changes and a disc bulge at T6-T7, his medical records do not support a finding of disability." (rec.doc. 13, pg. 5) The Commissioner bolsters this argument by pointing to the opinions of the consultative examiner and the state agency physicians, opinions which were discussed in great detail by the ALJ.

The court's review of the the record evidence indicates that plaintiff complained to both Dr. Knapp and Dr. Patel on several occasions about upper, mid-, and lower back pain, and radiating pain in her legs, beginning in August 2005 through the time of the ALJ's decision, evidence not addressed by the ALJ. Moreover, the court notes that the ALJ did not address Dr. Patel's narrative report wherein he opined that plaintiff's "morbid obesity (300 pounds) certainly complicates her condition" and that the combination of her pain and medication side effects makes her "an unlikely candidate for returning to work", or his clinical findings of a positive straight leg raise test, sensory deficit in the L5-S1 distribution, and "cervical, thoracic and lumbar spondylosis with both cervical and lumbar radiculopathy." (TR 421, 423)

The governing law in the Fifth Circuit is that the opinions, diagnoses, and medical evidence of treating physicians who are familiar with a plaintiff's condition should be accorded considerable weight in determining disability. *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000).[8] The testimony of the treating physician therefore must be given substantial weight unless "there is good cause shown to the contrary." *Id*. An ALJ may give less weight to a treating physician's opinion only when there is good cause shown to the contrary. *Id.* Good cause includes instances where the physician's evidence is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or otherwise unsupported by the record. *Hospital Service District No. 1 Of The Parish Of LaFourche v. Thompson*, 2004 WL 192047, *3 (E.D. La. Aug. 25, 2004). Indeed, "a treating physician's opinion on the nature and severity of a patient's impairment will be given *controlling* weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'" *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)(quoting prior Fifth Circuit authority)(emphasis added). If the treating physician's opinion is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic tests or otherwise unsupported by the evidence, the ALJ has good cause for discounting the treating physician's opinion in favor of other experts, not giving the opinion considerable weight. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001), *Newton*, 209 F.3d at 456 (*citing Brown v. Apfel*, 192 F.3d 492,500 (5th Cir. 1999).

---

[8] Further, as noted by the Fifth Circuit in *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981), "[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." 646 F.2d at 1081.

The regulations and circuit law are also clear that while it is within the ALJ's discretion to assign greater or lesser weight to the medical evidence, it is not within his discretion to reject the opinion of a treating physician without a detailed analysis[9] of the treating physician's view. 1920 C.F.R. § 404.1527(d)(2), SSR 96-2p. See also, *Reynolds v. Astrue*, 2010 WL 583918, at *7 (N.D. Miss. 2010). The Fifth Circuit has held that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." 209 F.3d at 453 (emphasis by the Fifth Circuit).[10]

---

[9]"Detailed analysis" refers to the six factors set forth in § 404.1527(e) and explicitly applies only to medical opinions, not disability opinions, as those opinions are reserved for the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003).

[10]The Fifth Circuit expanded on this articulation requirement as follows:

> SSA Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." See 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of:
> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.
>
> The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:
>
>> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. *Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and*

In this case, it is not at all clear to the court that the ALJ reviewed Dr. Knapp's records at all as there is no mention of those records, excepting the narrative opinion, in the ALJ's decision. Thus, the court cannot determine if the proper legal standard was applied in terms of the weight given to Dr. Knapp's opinion. However, with regard to Dr. Patel, it is clear that the ALJ not only failed to assign any weight to Dr. Patel's diagnoses of disc bulges, degenerative spinal changes, or clinical findings of a positive straight leg raise test and L5-S1 sensory deficit on the right side, or diminished deep tendon reflexes on the right side (TR 225-243, 400-410, 419-421), she completely overlooked or ignored them. Instead, she appears to have focused on Dr. Patel's alleged finding of a lack of "significant motor or sensory deficit in the lower extremities." Moreover, the findings of the consultative examiner indicated "multi-level disc herniation involving her neck all the way down her back," "neck pain, back pain, shoulder pain, hand pain," and "numbling and tingling." In addition, the consultative examiner also found "positive bilateral straight leg raising." (TR 179-182) These findings are not in conflict with Dr. Patel's findings, and the ALJ cannot simply disregard the treating specialist's more serious diagnoses and clinical finding without explanation, especially in light of the objective medical tests and clinical examinations. Thus, the ALJ's failure, without explanation, to accord due weight to the

---

> 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.
>
> SSR 96-2p, 61 F.R. 34490, 34491 (July 2, 1996) (emphasis added [by the Fifth Circuit]). . . . .
>
> . . . . This court . . . holds that an ALJ is required to consider each of the §404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist. . . . .

diagnoses and opinions of either the treating physician or the treating specialist is a failure to apply the proper legal standard, which necessitates reversal and remand.

*Other Statements of Errors*

As the court has determined that the ALJ rejected the opinion of the treating physician, Dr. Knapp, and the treating specialist, Dr. Patel, without explanation or good cause being shown, the court does not reach the merits with regard to plaintiff's other statements of errors.

*Recommendation*

For the reasons assigned, the Magistrate Judge recommends that, pursuant to the fourth sentence of 42 U.S.C. § 405(g), a final judgment be entered reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner for further proceedings consistent with the opinion of the Court, including the presentation of any further relevant evidence developed by the parties,[11] the reinspection of the medical records, including giving full consideration to the opinions of the treating physician, Dr. Knapp, and the treating specialist, Dr. Patel, and the reconsideration of the weight given to these opinions.

Signed in Baton Rouge, Louisiana, on August 31, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[11] *See Brenem v. Harris*, 621 F.2d 688, 690 n.1 (5th Cir. 1980) ("with a remand ordered the hearing should cover all pertinent evidence," including evidence that might not otherwise warrant a remand for new evidence). Subsequent, noncontemporaneous medical records and testimony may be relevant to the question of whether disability existed at an earlier time. *See Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990).

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SUSAN VILLAR

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 10-432-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 31, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**