**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SUSAN VILLAR** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-432-FJP-DLD** |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on plaintiff's motion for attorney's fees (rec. doc. 20) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412. The motion is unopposed.

### *Background*

On August 31, 2011, this Court issued a report recommending that the Commissioner's decision to deny plaintiff's application for disability insurance benefits be reversed. (rec. doc. 17) The district judge approved the report and recommendation, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), entered a judgment on September 29, 2011, reversing the Commissioner's decision and remanding this matter for further proceedings. (rec. doc. 19)

Plaintiff then filed her motion for attorney's fees, seeking an award of $3,870.00 based upon 25.80 hours of work billed at $150.00 per hour, and the Commissioner did not file any opposition to the motion.

### *Law and Analysis*

Section 2412 of the EAJA provides that reasonable attorney's fees and costs are recoverable under the Act by a prevailing party, and that the billing rate charged shall be based upon prevailing market rates for the kind and quality of services rendered. When

a district court reverses and remands to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g), the plaintiff is a prevailing party for purposes of Section 2412(d)(1)(A) of the Act.  *See Breaux v. United States Dept. of Health & Human Services*, 20 F.3d 1324, 1325 (5th Cir. 1994).

An independent review of the billing record included in plaintiff's motion supports a finding that the number of hours expended on this matter and the nature of the services rendered are reasonable under the facts and circumstances of this case. However, pursuant to section 2412(d)(2)(A) (ii) of the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ora a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Here, plaintiff failed to make any arguments in support of a higher hourly fee.  Thus, the record supports a finding that an EAJA award of attorney's fees in the amount of  $3,225.00, which is based upon a calculation of 25.80 hours of attorney services at $125.00 per hour, is a reasonable and appropriate award.

### *Recommendation*

Accordingly, and for the reasons assigned, the Magistrate Judge recommends that plaintiff's motion for attorney's fees (rec.doc. 20) be **GRANTED in part**, and an order be entered awarding plaintiff attorney's fees in the amount of $3,225.00.

Signed in Baton Rouge, Louisiana, on January 11, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SUSAN VILLAR** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-432-FJP-DLD** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 11, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**